**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RONALD COLE and JOYCE COLE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-07-1365-M |
| ) | |
| GREEN TREE SERVICING, L.L.C. and ) | |
| GREEN TREE INSURANCE AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is the Motion of Defendants for Judgment on the Pleadings and Brief in Support [docket no. 5], filed December 17, 2007. On January 4, 2008, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

I.    Background[1]

On or around June 27, 2001, plaintiffs financed their purchase of a mobile home, and the resulting consumer contract was subsequently assigned to defendant Green Tree Servicing, L.L.C. ("Green Tree"). In concert with Green Tree, defendant Green Tree Insurance Agency, Inc. ("Green Tree Insurance") issued a policy of property insurance to plaintiffs and billed plaintiffs for monthly premiums.

In 2003, plaintiffs commenced an action in state court against defendants' predecessor in interest, and the dispute was ultimately settled between the parties on or about November 30, 2004. Pursuant to the settlement agreement, the parties agreed to the cancellation and full release of any indebtedness which existed under the consumer contract. The consumer contract also required that any credit reporting not contain any negative information with respect to this indebtedness, which

---

[1] The Court assumes the allegations set forth in plaintiffs' Second Amended Petition as true.

had been extinguished by the settlement agreement.

On or about February 10, 2006, plaintiffs commenced another action against defendants' predecessor in interest alleging breach of the earlier settlement agreement reached in 2004. This litigation settled in August 2006. Pursuant to this settlement agreement, any and all negative credit entries and/or references reported by defendants' predecessor in interest would be deleted in their entirety from plaintiffs' credit report with any credit reporting firm.

On January 19, 2007, plaintiffs instituted this action in the District Court of Oklahoma County, and later removed this action to this Court, to recover damages for libel, deceit, negligence and insurance bad faith. Plaintiffs assert that despite the complete and unconditional cancellation and full release of the consumer contract of indebtedness, defendants have continued to publish negative credit information concerning their consumer contract debt with reporting agencies, notwithstanding plaintiffs' demands that defendants cease providing such credit information. While the action was pending in state court, defendants moved to dismiss, or in the alternative, moved for summary judgment on plaintiffs' state law claims based upon federal preemption under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). On October 26, 2007, the state court overruled this motion. Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

II.     Standard of Review

Defendants bring their motion under Federal Rule of Civil Procedure 12(c) which provides: "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards as a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). Such a motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Gff Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citation omitted). In reviewing a Rule 12(c) motion, the Court assumes the truth of plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in their favor. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The issue in reviewing the sufficiency of plaintiffs' petition is not whether they will prevail, but whether they are entitled to offer evidence to support their claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although plaintiffs need not precisely state each element of their claims, they must plead minimal factual allegations on those material elements that must be proved. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III. Discussion

The operative facts alleged in the Second Amended Petition are based upon the alleged publication and dissemination of allegedly false credit information to "credit reporting agencies" and upon the alleged submission of "false and fraudulent bills to Plaintiffs." These claims fall into two categories: first, the claims arising from the publication of credit information as alleged in the first three counts of the Second Amended Petition ("Credit Reporting Claims"), and second, the claim arising from sending a "false and fraudulent" property insurance bill as alleged in the fourth count of the Second Amended Petition ("Bad Faith Claim").

    1. Credit Reporting Claims

Plaintiffs raised the Credit Reporting Claims under the legal theories of libel, deceit and negligence. As to the Credit Reporting Claims, defendants assert they are "furnishers of credit

information" as contemplated by the FCRA. By this motion, defendants seek entry of an order dismissing all of the Credit Reporting Claims because these claims are preempted by the FCRA and plaintiffs have no cause of action against defendants pursuant to the FCRA. It appears, however, that defendants seek to have another bite of the proverbial apple by removing this action from state court to this Court and refiling the same request for judgment as they did in their motion to dismiss.

It is clear that upon removal of a case from a state to a federal court, the proceedings already had in the state court stand as though having already occurred in the federal court. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436 (1974). After removal, therefore, "the federal court takes the case up where the State court left it off." *Id.* (internal citation and quotation omitted). Furthermore, federal courts "treat everything that occurred in the state court as if it had taken place" in federal court. *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir. 1989). The transfer of a suit from a state court to the federal court, by way of removal proceedings based on diversity, does not vacate or nullify what has been done in the state court prior to filing the removal papers. *Duncan v. Gegan*, 101 U.S. 810, 813 (1879). The federal court assumes the case at the point where the state court proceedings were preempted and must, as far as possible, recognize and give effect to those proceedings. *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Therefore, when a case is removed to federal court, all litigation previously performed in state court is deemed to have been performed in federal court.

Having reviewed the parties' submissions, and after comparing the instant motion with the previous motion, the Court finds that there are no new grounds urged which would justify a re-examination of the issues presented. Defendant Green Tree sought dismissal or summary judgment

based on the allegation that plaintiffs' Credit Reporting Claims were preempted by federal law. Specifically, defendant Green Tree urged federal preemption based on certain provisions of the FCRA. Now defendants re-urge the same position in this Court although this argument was previously overruled in state court. Accordingly, the Court denies defendants' motion for judgment on the pleadings as to the Credit Reporting Claims.

    2.    <u>Bad Faith Claim</u>

In their Second Amended Petition, plaintiffs alleges that property insurance billings amount to the "submission of false and fraudulent bills" constituting "insurance bad faith within the meaning of Oklahoma Law." Second Amended Petition, at 5. Defendants counter that liability for insurance bad faith under Oklahoma law can only be asserted against an insurance company. Defendants contend they are not an insurance company, and that plaintiffs have not alleged they are an insurance company. Defendants assert that the insurance bad faith claim under Oklahoma law has nothing to do with an insured loss and, therefore, the Bad Faith Claim should be dismissed.

Oklahoma law imposes liability for insurance bad faith upon insurance companies. As the Oklahoma Supreme Court states:

> Insurance contracts, however, are not ordinary commercial contracts. A special relationship exists between an insurer and its insured stemming from the quasi-public nature of insurance, the unequal bargaining power between the insurer and insured, and the potential for an insurer to unscrupulously exert that power at a time when the insured is particularly vulnerable. The special relationship creates a nondelegable duty of good faith and fair dealing on the part of the insurer. An insurer's breach of this duty gives rise to a separate cause of action sounding in tort.

*Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 562 (Okla. 2004) (internal citation omitted).

Having reviewed the parties' submissions, the Court finds plaintiffs' allegations sufficient

to withstand early disposition of this case pursuant to a judgment on the pleadings. Specifically, the Second Amended Petition on its face names Green Tree Insurance Agency, Inc. as co-defendant. Furthermore, plaintiffs allege that both defendants "without the agreement or consent of Plaintiffs, issued a policy of property insurance to Plaintiffs and continued to bill Plaintiffs for monthly premiums." Second Amended Petition, at 2. At this early stage of litigation, the Court finds that discovery should be allowed to proceed into this matter.[2] Therefore, the Court finds that plaintiffs have adequately stated the Bad Faith Claim and that this claim should not be dismissed.

IV.     Conclusion

For the reasons set forth in detail above, the Court hereby DENIES the Motion of Defendants for Judgment on the Pleadings and Brief in Support.

**IT IS SO ORDERED this 2nd day of July, 2008.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] The Court would note that further discovery would assist the parties in establishing whether defendants are an insurer or merely an agent for the issuer of the insurance policy pursuant to which plaintiffs allege their Bad Faith Claim.